IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned January 3, 2013

## MELINDA SANFORD v. RICKY BAINES ET AL.

**Appeal from the Chancery Court for Wilson County**
**No. 2012CV289      Charles K. Smith, Chancellor**

**No. M2012-02599-COA-R3-CV - Filed January 9, 2013**

This is an appeal from an order granting a Motion for Default and authorizing the clerk and master to sell the parties' real property. Because the order appealed does not resolve all the claims between the parties, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

PATRICIA J. COTTRELL, P.J., M.S.; ANDY D. BENNETT AND RICHARD H. DINKINS, JJ.

Ronnie Baines, Whiteville, Tennessee, Pro Se.

Anthony Ensley Hagan, Lebanon, Tennessee, for the appellee, Melinda Sanford.

## MEMORANDUM OPINION[1]

One of the defendants, Ronnie Baines, has filed a notice of appeal from an order entered on October 25, 2012, granting the plaintiff's Motion for Default and authorizing the clerk and master to sell the parties' real property. The plaintiff has filed a motion to dismiss the appeal for lack of a final judgment. Mr. Baines has not filed a response.

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn.2003); *King v. Spain,* No. M2006-02178-COA-R3-CV, 2007 WL 3202757 at *8 (Tenn. Ct. App. October 31, 2007). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

The October 25, 2012 order does not dispose of all the claims between the parties. The order specifically reserves for a further hearing "approval of the sale of the real property, the award of attorney's fees, and any remaining issues." Accordingly, the order is not a final judgment and is not subject to an appeal as of right pursuant to Tenn. R. App. P. 3.

The appeal is hereby dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs of the appeal are taxed to Ronnie Baines for which execution may issue.


PER CURIAM